```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BOB MEADOWS,

                    Plaintiff,
                                                    **MEMORANDUM AND ORDER**
        -against-                                   05-CV-1857 (SLT)

IRVIN COLEMAN, ROSALYN COLEMAN,                     **F I L E D**
JOEL E. BUDNETZ,                                    IN CLERK'S OFFICE
                                                    U. S. DISTRICT COURT E.D. N.Y.

                    Defendants.                     ★  MAY 1 0 2005  ★
-----------------------------------------------------------X
                                                    TIME A.M._____
TOWNES, U.S.D.J.                                    P.M._____
```

Plaintiff Bob Meadows, appearing *pro se*, brings this action against defendants, alleging that they violated his civil rights. Although plaintiff paid the filing fee to bring this action, plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges that in December 2000, he was retained by defendants Irvin and Rosalyn Coleman to perform renovations on their house in Springfield Gardens, New York. Compl. at 2. For the following eight months, plaintiff alleges that he was treated as the Colemans' "personal slave," subjected to harassment and numerous degrading situations. Id. at 2-3. Plaintiff alleges that he was never paid for the $45,000 of renovations he performed on the house. Id. at 6. Further, plaintiff alleges that the Colemans never provided him "with a lead disclosure statement as stated under law," and that he sought medical treatment after being exposed to lead while working at their house. Id. at 2, 11.

Plaintiff alleges that in 2001, he filed an action for breach of contract against the Colemans in Queens County Civil Court. Id. at 12. Defendant Budnetz was counsel for the Colemans in that action. Plaintiff alleges that Budnetz caused the Colemans to make false statements against him and "intimidated [him] with phony counterclaims." Id. at 14, 15. After proceeding to trial on November 30, 2001, plaintiff's case against the Colemans was dismissed.

Id. at 17.

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that defendants violated his rights under the Thirteenth Amendment, and Section 1018 of the Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. § 4852d. Id. at 20. Plaintiff seeks $250,000 in damages. Id.

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction).

Rooker-Feldman Doctrine

The Rooker-Feldman doctrine precludes this court from exercising jurisdiction in this matter. Under the Rooker-Feldman doctrine–Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)–a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.[1] As the Supreme Court recently held, the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22

---

[1] The United States Supreme Court is the only Court that may review a state court's judicial decisions. 28 U.S.C. § 1257(a).

2

(2005).

Therefore, to the extent plaintiff brings the instant complaint as a means to challenge Judge James J. Golia's decision to grant defendants' motion to dismiss at the conclusion of plaintiff's case on November 30, 2001 (Index No. 66884), Compl. at 17, this court lacks jurisdiction to grant plaintiff the relief he seeks. See Storck v. Suffolk County Dep't of Soc. Servs., 62 F. Supp. 2d 927, 938 (E.D.N.Y. 1999) ("an attempt to appeal the state court's decision ... would clearly be barred by the Rooker-Feldman doctrine"); Thaler v. Casella, 960 F. Supp. 691, 697-98 (S.D.N.Y. 1997) (Rooker-Feldman "requires that an aggrieved state court litigant must pursue his claims directly in the state appellate courts and ultimately to the United States Supreme Court."); Sanchez-Preston v. Judge Luria, No. CV-96-2440 (CPS), 1996 WL 738140, at *3 (E.D.N.Y. Dec. 17, 1996) (plaintiff may not seek reversal of a state court judgment "by recasting [his] claim in the form of a civil rights action") (citations omitted).

Accordingly, plaintiff's complaint is dismissed under Rooker-Feldman for lack of jurisdiction.

## Plaintiff's Complaint Fails to State a Cognizable Federal Claim

Even if the Court could hear plaintiff's complaint, plaintiff's allegations fail to state a claim upon which relief can be granted. Plaintiff invokes 42 U.S.C. §§ 1983 and 4852d. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found

3

if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on his § 1983 complaint, he must first establish that the conduct of the named defendants is "fairly attributable to the State." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. Defendants, however, are private individuals not state actors. Thus, plaintiff's complaint fails to state a claim upon which relief can be granted under § 1983.

Further, 42 U.S.C. § 4852d requires that sellers or lessors of residential housing built before 1978 (with certain exceptions) disclose known information on the presence of lead-based paint and lead-based paint hazards. The statute is designed to protect purchasers and lessees; therefore § 4852d cannot be used by plaintiff against the Colemans. Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted under § 4852d.

## CONCLUSION

Accordingly, the complaint is dismissed for the reasons set forth above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 3, 2005

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE